In re Raymond B. THOMPSON, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.

No. 85–416.

District of Columbia Court of Appeals.

Argued Dec. 6, 1985.
Decided Dec. 30, 1987.[1]

Nigel L. Scott, Washington, D.C., for respondent.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C., at the time the brief was filed, was on the brief, for petitioner, the Office of Bar Counsel.

Joan L. Goldfrank, Executive Atty., Washington, D.C., for the Bd. on Professional Responsibility.

Before PRYOR, Chief Judge, and MACK and NEWMAN, Associate Judges.

PER CURIAM:

This is a review of a report and recommendation of the Board on Professional Responsibility (Board) which found Raymond B. Thompson violated DR 1–102(A)(4) by knowingly assisting in the presentation of false statements to the Immigration and Naturalization Service (INS) in support of the application of his client for status as a permanent resident alien.[2] The majority of the Board recommended that respondent be suspended from the practice of law for six months. After a review of the record, we accept the Board's findings but modify the Board's recommended sanction. We conclude that respondent should be suspended from the practice of law for one year.

At the time of Mrs. Betty B. Dorsey's application for permanent resident alien status, both she and her husband worked and lived in Pennsylvania. During a subsequent INS interview, Mrs. Dorsey reaffirmed a residential Maryland address and employment in Fairfax County, Virginia. Following further investigation by INS, respondent was indicted by a federal grand jury for the District of Maryland for violation of a federal statute, 18 U.S.C. § 1001 (1982).[3] Ultimately, he entered into an agreement with the prosecution which, among other things, provided that he would refrain from practicing law before the INS for one year.[4]

1. The decision in this case originally was released as a Memorandum Opinion and Judgment. It is being published pursuant to the court's order granting the Board's request for publication.

2. DR 1–102 provides:
   Misconduct
   (A) A lawyer shall not:
       \*    \*    \*    \*    \*    \*
   (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

3. Under the statute, Thompson was charged with willfully aiding, abetting, counseling and procuring the making and use of false statements to INS.

4. The agreement also stated that Thompson admitted knowing at the time of the filing of the application that Mrs. Dorsey did not live at the Maryland address or work in Virginia.

Before the Hearing Committee, respondent denied knowing that Mrs. Dorsey did not live at the Maryland address or work in Virginia at the time of her INS interview; he also denied having any role in Mrs. Dorsey so stating to the INS, and further denied telling an INS investigator that he had leased his house to the Dorseys. The Hearing Committee credited the testimony of an INS official and Mrs. Dorsey, who testified in exchange for immunity from prosecution. The Hearing Committee discredited the testimony of respondent, finding that he knew the statements to be false when he proffered them to the agency. The Board found these conclusions were supported by substantial evidence and thus adopted them. We do the same.

On appeal, respondent challenges the sanction of six months suspension recommended by the Board, as does the office of Bar Counsel, which argues that a stronger sanction is necessary.

Our task in this instance is straightforward. Giving due deference to the recommendations of the Board, we must strive to impose a discipline that is consistent with other similar cases. *In re Hines*, 482 A.2d 378, 384 (D.C.1984); *see also* D.C. Bar R. XI, § 7(3). In reaching a conclusion, we have often reiterated that among the relevant factors to be considered are, the nature of the violation, mitigating and aggravating circumstances, protection of the public, courts and the legal profession, and, to the extent it can be determined, moral fitness of the attorney. *In re Hutchinson*, 534 A.2d 919, 924 (D.C.1987) (en banc).

In addressing the particular circumstances of this case, we state at the outset that we appreciate that neither the Hearing Committee nor the Board had the benefit of our recent *Hutchinson* opinion in reaching a decision. Nonetheless, we conclude that the present case, in all material aspects, is governed by that decision.

We observe that misrepresentation to a federal agency is quite serious. As in *Hutchinson*, the respondent in this instance was required to confront federal prosecution. To be sure, the dishonesty attributed to respondent differed in some aspects from Hutchinson's. However, it is beyond argument that there was a clear failure of the obligation to the public and to the profession to be scrupulously honest. Thirdly, we note that, unlike Hutchinson, respondent had a prior history of professional discipline.

Accordingly, we therefore conclude that respondent should be suspended from the practice of law for one year. This order of suspension shall be effective 30 days from the date of this opinion. D.C. Bar R. XI, § 19(3).

*So ordered.*

NEWMAN, Associate Judge, concurring:

I reiterate the views I expressed in my concurring opinion in *Hutchinson, supra.* I join the results here for I deem a one year suspension to be appropriate.