**In re Judd Matthew LOFCHIE, Respondent.**

**No. 94–BG–333.**

District of Columbia Court of Appeals.

Submitted Dec. 5, 1995.
Decided Dec. 28, 1995.

---

Before FERREN and KING, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

In this disciplinary proceeding, the Board on Professional Responsibility (the Board) recommends that the court impose reciprocal discipline upon respondent Judd Matthew Lofchie, whom the Illinois Supreme Court suspended from the practice of law for six months, and until he made restitution, commencing on January 25, 1994. On March 30, 1994, this court suspended respondent immediately, pending final disposition, ordered respondent to show cause why the identical discipline should not be imposed in the District of Columbia, ordered respondent to comply with D.C. Bar Rule XI, § 14 (requiring him to file an affidavit describing his steps complying with the rule and the order), and ordered the Board to "recommend promptly thereafter" whether reciprocal discipline should be imposed. On February 10, 1995, the Illinois Supreme Court, finding that respondent paid restitution in full, reinstated him. On May 3, 1995, the Board filed its report (recommending the imposition of reciprocal discipline). The Office of Bar Counsel filed a letter indicating its support of the Board's report and recommendation.

■ As is uncontested here, the Illinois Supreme Court found respondent had breached his fiduciary duty with respect to certain funds with which he was entrusted by a prospective purchaser of real estate from one of his clients. As a result, that court ordered respondent's suspension from the practice of law for six months, and until he made full restitution.

Reciprocal discipline is to be imposed unless the attorney demonstrates certain exceptions, none of which are relevant here, especially since respondent does not contest the appropriateness of reciprocal discipline. D.C.Bar R. XI, § 11; *In re Drury*, 638 A.2d 60, 63 (D.C.1994). Suspension from the practice of law for one year has been deemed appropriate in this jurisdiction for similar conduct. *See In re Thompson*, 538 A.2d 247 (D.C.1987); *In re Hutchinson*, 534 A.2d 919 (D.C.1987). We therefore hold that reciprocal discipline in the form of suspension for six months is appropriate here and should be imposed.

Respondent challenges the imposition of reciprocal discipline solely on the ground that the Board's recommendation was not "promptly" made in accordance with the court's initial order. Quite apart from whether we deem the Board's report to have been filed "promptly," there are two independent grounds for rejecting respondent's claim. First, although specifically required to do so by our order, respondent has never filed the affidavit required by Rule XI, § 14. Thus, respondent is in no position to challenge the Board's compliance with the order on timeliness grounds. Second, we ordered the Board to file a report and recommendation "promptly after" respondent complied with Rule XI, § 14. Thus, we assume that respondent's failure to comply with § 14 is what held up the Board's report. *See In re Mulkeen*, 606 A.2d 136 (D.C.1992). Accordingly, we do not reach respondent's claims as to the timeliness of the Board's report and recommendation.

■ A further question arises as to when the six-months suspension should begin to run. District of Columbia Bar Rule XI, § 16(c) provides that "a suspended attorney shall not be eligible for reinstatement until a period of time equal to the period of suspension shall have elapsed following the attorney's compliance with section 14." *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994). Thus, the interim suspension of respondent is

ordered to continue, with the formal suspension of six months to begin following respondent's compliance with § 14 and § 16. In the event of continued non-compliance with § 14, we observe that the Board is obliged to notify the court of such non-compliance.

*So ordered.*