**In re Joseph A. CERRONI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 93–BG–1673, 95–BG–1407.**

District of Columbia Court of Appeals.

Submitted Sept. 16, 1996.
Decided Oct. 3, 1996.

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("Board") has recommended that Joseph Cerroni be suspended for one year, with no requirement of demonstration of fitness prior to reinstatement, but with reinstatement conditioned on completion of certain Continuing Legal Education courses. This recommendation was based on the findings of a Hearing Committee, which concluded that respondent had violated Disciplinary Rule 1–102(A)(4) of the Code of Professional Responsibility and Rules 8.4(b) & (c) of the D.C. Rules of Professional Conduct. We adopt the Board's recommendation and suspend respondent for one year.

## I.

Respondent pled guilty to a criminal information charging him with a violation of 18 U.S.C. §§ 1010 & 2 (1994) in the United States District Court for the District of Columbia. The information charged him with knowingly making and submitting a false statement and report to the United States Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA") in connection with a real estate transaction. Part of the plea agreement required that respondent cooperate with the Federal Bureau of Investigation and answer their questions with regard to his role in other real estate transactions. During this process, respondent admitted to preparing other settlements containing false statements and submitting them to HUD.

Bar Counsel filed a copy of respondent's conviction with this court, and we suspended respondent pending resolution of the matter. We referred the matter to the Board, which found that respondent's crime did not involve moral turpitude *per se.* The Board referred the matter to Bar Counsel to institute proceedings before a Hearing Committee to determine whether the circumstances surrounding the crime involved moral turpitude, and to recommend discipline if no moral turpitude was found. The Hearing Committee made factual findings and concluded that respondent had violated DR 1–102(A)(4) and Rule 8.4(c) by making misrepresentations on the HUD statements,[1] and that respondent had violated Rule 8.4(b) because such misrepresentations are criminal acts. The Hearing Committee also concluded that respondent's criminal conduct did not involve moral turpitude. Between the time when the Hearing Committee held its hearing and when it submitted its report, this court entered an order noting that it had received an order of the Virginia State Bar Disciplinary Board that suspended respondent from practice in Virginia for twenty-seven months because of his criminal conviction.

The Board's report and recommendation adopted the Hearing Committee's findings of fact, and agreed that respondent violated DR 1–102(A)(4) and Rule 8.4(b) & (c). The Board also agreed that the circumstances of respondent's criminal conduct did not involve moral turpitude. In terms of discipline, the Board determined that it was not required to follow the doctrine of reciprocal discipline because the Hearing Committee had already conducted proceedings on the matter. *See In re Perrin,* 663 A.2d 517, 523 (D.C.1995). The Board decided to follow the Hearing Committee's recommendation of a one-year suspension with no fitness requirement for reinstatement, but with a Continuing Legal Education requirement.

## II.

█ Respondent has not filed exceptions to the Board's recommendations, and there-

---

1. Some of these misrepresentations occurred prior to our adoption of the Rules of Professional Conduct, but were violations of the Code of Professional Responsibility, and therefore both rules are listed.

fore our standard of review is even more limited than otherwise. *See* D.C. Bar R. XI, § 9(g); *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995). We agree with the Board that under *In re Perrin, supra,* we are not required to adhere to the doctrine of reciprocal discipline. 663 A.2d at 523. We conclude that a one-year suspension is the appropriate sanction. *See In re Thompson,* 538 A.2d 247 (D.C.1987); *In re Hutchinson,* 534 A.2d 919 (D.C.1987) (*en banc* ).

Accordingly, Joseph Cerroni is hereby suspended from practice in the District of Columbia for one year, *nunc pro tunc* to December 2, 1993, when respondent filed his affidavit in compliance with D.C. Bar R. XI, § 14. As a condition of reinstatement, respondent must present to the Office of the Board on Professional Responsibility and to this court certification that he has successfully completed six hours of Continuing Legal Education in a curriculum to be approved in advance by Bar Counsel, of which four hours shall be in the substantive areas of his practice and two hours shall be in the area of professional responsibility. No credit hours shall be allowed for curriculum completed prior to December 5, 1995, the date of the Hearing Committee's Report.

*So ordered.*