In re Edward M. **FINK,** Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 95–BG–1032.

District of Columbia Court of Appeals.

Submitted April 24, 1997.

Decided June 26, 1997.

Before STEADMAN and RUIZ, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

In this reciprocal discipline matter from New Jersey, the Board on Professional Responsibility ("Board") recommends this court impose the identical discipline of a six-month suspension with reinstatement conditioned upon completion of the continuing legal education requirement imposed in New Jersey. Neither Bar Counsel nor respondent takes exception to the recommendation of the Board. Respondent did argue to the Board that two exceptions to the imposition of reciprocal discipline apply. We conclude that the imposition of identical discipline is appropriate.

The New Jersey Supreme Court found that respondent violated New Jersey Rule of Professional Conduct (RPC) 8.4(b) (commission of a criminal act) for a violation of N.J.S.A. 2C:21–4(a) (altering a false document), RPC 8.4(c) (conduct involving dishonesty, fraud, deceit and misrepresentation), RPC 1.1 (gross neglect), RPC 4.1 (false statements to others), RPC 8.1 (false statements in connection with a disciplinary action) and RPC 8.4 (taking an improper jurat).

These disciplinary charges arose from respondent's representation of five buyers in separate real estate transactions between Oc-

tober 1988 and February 1989. Respondent contacted the buyers when he realized there were shortages of funds. The buyers referred him to the real estate agent who indicated the shortages would be made up through credits to the buyers for repairs and secondary mortgages extended by the developer/real estate broker. The real estate agent told respondent that the mortgage companies involved had advised the agent how to structure the loans and were aware of the second mortgages. The agent also indicated that no reference should be made to the second mortgages in either the RESPA statements (HUD–1 uniform settlement statements) or the FannieMae Affidavits and Agreements by either the borrower or seller. Respondent did not include information about the second mortgages on the forms although the forms required such information.

In addition, respondent represented one purchaser through a power of attorney because the purchaser was out of the country at the time of the closing. Respondent took the client's jurat without the client being present and without the client signing the document in respondent's presence.

Respondent was contacted by the Middlesex County Prosecutor's office in connection with an investigation of the real estate agent and developer. During the interview, respondent falsely stated why he omitted the second mortgage on the RESPA statement by claiming there was no room on the form. He later recanted that statement. A criminal complaint was filed against respondent but dismissed upon his successful completion of a pretrial intervention program.

The New Jersey Review Board considered mitigating factors, including respondent's service to the Bar and numerous civic associations. Respondent lost a lucrative position with a corporation and his professional reputation suffered.

 Identical discipline will be imposed in this jurisdiction unless respondent demonstrates by clear and convincing evidence that one of the exceptions stated in D.C. Bar R. XI, § 11(c) applies. The Board noted that respondent claimed the following exceptions:

the imposition of identical discipline would result in grave injustice and the misconduct warrants substantially different discipline in the District of Columbia. Respondent maintained that the New Jersey discipline rested on the erroneous finding that respondent had pled guilty to a violation of law when he had not. However, when the error was brought to its attention, the New Jersey Supreme Court revised its order and imposed the same discipline originally imposed. The Board concluded that respondent otherwise reargued the facts that formed the basis for the New Jersey discipline.

We agree that respondent has not demonstrated by clear and convincing evidence that one of the exceptions applies. Respondent has not shown that he was deprived of due process or that there were serious infirmities of proof in the New Jersey proceedings. *See In re Larsen*, 589 A.2d 400, 403 (D.C.1991) (per curiam) (Board report explaining that unless respondent establishes an exception, Board is "bound to view the offenses adjudicated by the [other jurisdiction's] courts as conclusively established here").

As to the sanction, there is a rebuttable presumption for the same discipline in this jurisdiction as was imposed in the original jurisdiction. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). The presumption is overcome where the misconduct warrants substantially different discipline in this jurisdiction. D.C. Bar R. XI, § 11(c)(4). The sanctions for dishonesty in this jurisdiction range from public censure, *In re Hadzi–Antich*, 497 A.2d 1062 (D.C.1985), to disbarment. *In re Gil*, 656 A.2d 303 (D.C.1995) (violation of Rule of Professional Conduct 8.4(b) (committing a criminal act that reflects adversely on the honesty, trust-worthiness or fitness of a lawyer) and Rule 8.4(c) (engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation)). Lengthy suspensions have been imposed for misrepresentations to a federal agency. *In re Cerroni*, 683 A.2d 150 (D.C.1996) (per curiam) (one-year suspension with requirement that respondent complete continuing legal education courses as a condition of reinstatement where respondent violated ethical rules and was convicted of making a false statement

and report to the United States Department of Housing and Urban Development in connection with a real estate transaction); *see also In re Hutchinson*, 534 A.2d 919 (D.C. 1987) (en banc) (one-year suspension for false sworn testimony to SEC regarding stock purchase); *In re Thompson*, 538 A.2d 247 (D.C.1987) (per curiam) (one-year suspension for assisting client in making false statements in INS application). Here, a six-month suspension with the condition of completing a continuing legal education requirement is within the range of sanctions that would be imposed if the matter had originated in this jurisdiction. *See In re Garner*, 576 A.2d 1356 (D.C.1990) (per curiam).

Respondent filed an affidavit pursuant to *In re Goldberg*, 460 A.2d 982 (D.C.1983) (per curiam), attesting that he has not practiced law in the District of Columbia since August 1, 1995, and would voluntarily refrain from doing so during the period of his suspension in New Jersey. That affidavit also satisfied the requirements of D.C. Bar R. XI, § 14(g). After respondent filed a motion to terminate his interim suspension pursuant to Rule XI, § 11, on the grounds that he had been reinstated by the Supreme Court of New Jersey on February 8, 1996, this court vacated its interim order of suspension on June 24, 1996. Therefore, it is

ORDERED that respondent, Edward M. Fink, is suspended for six months as reciprocal discipline, *nunc pro tunc* to August 1, 1995, and that he is deemed to have satisfied the condition of reinstatement imposed in New Jersey.

*So ordered.*