**In re Gene P. BELARDI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–222.**

District of Columbia Court of Appeals.

Jan. 26, 2006.

Before RUIZ and REID, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

This original disciplinary matter involves a recommendation for a one-year suspension from the practice of law without a fitness requirement. The Board also recommends that a 2003 reciprocal disciplinary referral, based upon the revocation of respondent's Virginia license to practice law, be dismissed.

On November 20, 2000, respondent, Gene Belardi, entered a guilty plea in the United States District Court for the District of Columbia to three counts of making false statements to a government agency.[1] Respondent reported his convictions

---

1. Respondent pled guilty to making false statements to the Federal Communications

to this court and he was suspended on an interim basis on March 8, 2001, pursuant to D.C. Bar R. XI, § 11(d). The court also referred the matter to the Board on Professional Responsibility ("Board") and directed it to institute a formal proceeding to determine the final discipline to be imposed, and specifically to review the elements of the offense for the purpose of determining whether or not the crime involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001).

In its initial report and recommendation submitted on May 24, 2001, the Board concluded that the crimes did not constitute moral turpitude *per se*. Thereafter, the case was referred to Hearing Committee Number Five to determine whether the offense involved moral turpitude on the facts. The hearing committee concluded, in a report dated April 15, 2003, subsequently adopted by the Board, that the crimes did not involve moral turpitude. As a result, the Board recommended to the court in its report dated July 30, 2004, that respondent be suspended for one year, but it elected not to impose a fitness requirement as a condition to reinstatement. Although Bar Counsel initially filed exceptions, they have been withdrawn, and Bar Counsel presently takes no exception to the Board's Report and Recommendation.

Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no ex-

ceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. *See In re Bowser*, 771 A.2d 1002, 1003–04 (D.C.2001) (imposing one year suspension without a fitness requirement for making false statements to the Immigration and Naturalization Service in connection with respondent's representation of a client applying to become a naturalized citizen); *In re Cerroni*, 683 A.2d 150, 152 (D.C.1996) (imposing a one year suspension without a fitness requirement for making a false statement to the United States Department of Housing and Urban Development and the Federal Housing Administration in connection with a real estate transaction.); *In re Cater*, 887 A2d 1, 6 (D.C.2005) (requiring "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law" for imposition of a showing of fitness). Furthermore, upon the recommendation of the Board, respondent's reciprocal disciplinary referral is dismissed. *See In re Perrin*, 663 A.2d 517, 523 (D.C. 1995). Therefore, it is

ORDERED that Gene P. Belardi is suspended from the practice of law in the District of Columbia for the period of one year. For the purpose of reinstatement, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).[2] It is

---

Commission concerning the construction of paging transmitters in order to maintain construction permits for the transmitters. The Court sentenced respondent to a five-year term of probation and imposed a fine of $15,000.00.

2. The Board recommended that the period of suspension run *nunc pro tunc* from February 22, 2002, the date respondent substantially complied with D.C. Bar R. XI, § 14(g), provided that respondent filed a notarized copy

of the affidavit within 30 days from the date of the order, or by August 29, 2004. Respondent failed to comply with the Board's order. The period of suspension shall be prospective, unless within 30 days from the date of this opinion, respondent files a notarized affidavit with this court. *See* D.C. Bar R. XI, § 14(g)(1)(2) & (3). In the event respondent complies, the suspension shall run *nunc pro tunc* from February 22, 2002.

FURTHER ORDERED that the 2003 reciprocal disciplinary referral is dismissed.

*So ordered.*