*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 13-BG-1401

IN RE YOSHIHIRO SAITO, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 351973)

On Report and Recommendation of Hearing Committee Number Eight
Approving Petition for Negotiated Discipline
(BDN D388-03)

(Decided May 8, 2014)

This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

Before BLACKBURNE-RIGSBY and BECKWITH, *Associate Judges*, and KING, *Senior Judge*.

PER CURIAM: In this disciplinary matter, Hearing Committee Number Eight ("Committee") recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar Rule XI, § 12.1. Respondent, Yoshihiro Saito, admits to violating District of Columbia Rules of Professional Conduct 8.4 (c) ("engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation"). This violation stems from his representation of an international client and submission of a questionnaire to the United States Department of Commerce. Specifically,

respondent failed to disclose significant alterations to a sales contract, which he acknowledged the Department of Commerce would view as material facts and the lack of disclosure tainted the original decision issued in that matter. Respondent and Bar Counsel have negotiated a one-year suspension based upon the failure to disclose material facts.

Respondent's admissions were made voluntarily, with the advice of counsel, and in connection with a petition for negotiated discipline filed by Bar Counsel on January 2, 2013.[1] The matter was referred to Hearing Committee Number Eight, where respondent admitted to both the stipulated facts contained in the petition and his own supporting affidavit, and admitted that his actions constituted violations of the aforementioned Rule of Professional Conduct. In addition, respondent consented to the sanction agreed upon with Bar Counsel. Respondent confirmed that he was entering into the disposition freely and voluntarily and not as the result of any coercion or duress.[2] The Committee concluded, after a limited hearing on the petition, conducting two separate *in camera* reviews of Bar Counsel's

---

[1] *See* D.C. Bar R. XI, § 12.1 (c); Bd. Prof. Resp. R. 17.5.

[2] *Id.*

investigative files and records, and two *ex parte* meetings with Assistant Bar Counsel, that respondent violated Rule of Professional Conduct 8.4 (c).

We agree with the Committee's recommendation because it properly applied D.C. Bar XI 12.1 (c) to arrive at this conclusion and we find no error in the Committee's determination. Furthermore, the Committee considered the aggravating and mitigating circumstances of the disciplinary events including Bar Counsel's concession that "it was less than diligent" in investigating this case, and the fact that respondent had no prior or subsequent disciplinary history and found that the negotiated discipline – a one-year suspension – was not unduly lenient and falls within the range of discipline imposed for similar actions.[3]

---

[3] *See In re Belardi*, 891 A.2d 224 (D.C. 2006) (imposing a one-year suspension following respondent's guilty plea to three counts of making false statements to the Federal Communications Commission); *In re Cerroni*, 683 A.2d 150 (D.C. 1996) (following a finding that conduct did not amount to moral turpitude *per se*, court suspended respondent for one year for knowingly making false statements and reports to the United States Department of Housing and Urban Development and the Federal Housing Administration.); *In re Thompson*, 538 A.2d 247 (D.C. 1987) (imposing a one-year suspension upon the respondent for knowingly assisting in the presentation of false statements to the Immigration and Naturalization Service).

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Yoshihiro Saito is suspended from the practice of law in the District of Columbia for the period of one year. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*