*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-477

IN RE JOHN E. ROSENBAUM, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 457617)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 3-20)

(Decided October 28, 2021)

Before EASTERLY and MCLEESE, *Associate Judges*, and FISHER, *Senior Judge*.

PER CURIAM: The Ad Hoc Hearing Committee issued a Report and Recommendation concluding that respondent John E. Rosenbaum had committed numerous disciplinary violations, including intentional misappropriation of entrusted funds, and recommending that Mr. Rosenbaum be disbarred, with reinstatement conditioned on the payment of restitution of $100,000. *See generally In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc) (disbarment is presumptive sanction in cases of intentional misappropriation). Specifically, the Hearing Committee found that, while acting as a fiduciary in an estate matter in Pennsylvania,

Mr. Rosenbaum intentionally misappropriated entrusted funds, charged excessive fees, failed to respond to inquiries for information from the heirs, and interfered with the administration of justice.

Mr. Rosenbaum filed exceptions to the Hearing Committee's Report but did not specifically challenge any of the Report's findings or recommended sanctions. Rather, Mr. Rosenbaum informed the Board on Professional Responsibility that he had entered into a negotiated disciplinary agreement with the California Disciplinary Counsel based on the conduct at issue in this case. That agreement called for imposition of a three-year suspension, with all but eighteen months stayed subject to conditions, including restitution of over $100,000. Mr. Rosenbaum argued that the Board should defer this disciplinary matter until the California negotiated disciplinary agreement became final, and the Board should then impose reciprocal discipline.

The Board issued a Report and Recommendation adopting the Hearing Committee's Report. In rejecting Mr. Rosenbaum's argument that the Board should defer this matter and then impose reciprocal discipline, the Board noted that the California negotiated discipline agreement had not been reached until after the

Hearing Committee had held a hearing. In those circumstances, the Board explained, this jurisdiction could appropriately impose original discipline rather than reciprocal discipline. *In re Cerroni*, 683 A.2d 150, 151 (D.C. 1996) (per curiam); *In re Perrin*, 663 A.2d 517, 522-23 (D.C. 1995).

Mr. Rosenbaum did not file exceptions to the Board's Report and Recommendation. Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the Board's Report and Recommendation.

Accordingly, it is

ORDERED that respondent John E. Rosenbaum is hereby disbarred from the practice of law in this jurisdiction. As a condition of reinstatement, Mr. Rosenbaum

shall pay restitution in the amount of $100,000, with statutory interest. We further direct Mr. Rosenbaum's attention to the requirements of D.C. Bar R. IX, § 14, and their effect on his eligibility for reinstatement. *See* D.C. Bar R. IX, § 16(c).