*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0741

IN RE JOHN K. EVANS, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 362908)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 23-ND-001; DDN: 2020-D089)

(Decided: October 12, 2023)
(Amended: Nov. 2, 2023) [1]

Before EASTERLY and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge.*

PER CURIAM: This decision is non-precedential.  Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

---

[1] We are amending the opinion issued on October 12, 2023, to reflect that the respondent admitted to reckless misrepresentation, not reckless dishonesty, as noted in the Report and Recommendation for Negotiated Discipline.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent John K. Evans voluntarily acknowledged that, between 2015 and 2019, he failed to accurately report his financial holdings, outside income, and outside clients in required disclosure forms in connection with his service as a member of the Council of the District of Columbia and the Board of Directors of the Washington Area Metropolitan Transit Authority. As a result, respondent admits that he engaged in conduct involving reckless misrepresentation in violation of D.C. R. Pro. Conduct 8.4(c). The proposed discipline consists of a 365-day suspension.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), in light of reasonably analogous precedents for false statements made to governmental entities. *See, e.g.*, *In re Hutchinson*, 534 A.2d 919 (D.C. 1987) (en banc); *In re Thompson*, 538 A.2d 247 (D.C. 1987) (per curiam); *In re Cerroni*, 683 A.2d 150 (D.C. 1996) (per curiam); *In re Bowser*, 771 A.2d 1002 (D.C. 2001) (per curiam); *In re Belardi*, 891 A.2d 224 (D.C. 2006) (per curiam); *In re Rigas*, 9 A.3d 494 (D.C. 2010); *In re Tun*, 195 A.3d 65 (D.C. 2018);

*In re Clinesmith*, 258 A.3d 161 (D.C. 2021) (per curiam); *see also Mensah*, 262 A.3d at 1104 ("[T]he sanctions imposed in negotiated-discipline cases may in some cases be less stringent than would otherwise have been appropriate in a contested-discipline case."). Accordingly, it is

ORDERED that respondent John K. Evans is hereby suspended from the practice of law in the District of Columbia for 365 days. We direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit, both with this court and the Board on Professional Responsibility, for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

*So ordered.*